UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HARTFORD FIRE INSURANCE  CASE NO.: 4:18-cv-10276-KMM
COMPANY, a foreign corporation,

    Plaintiff,

v.

NEW YORK MART GROUP, INC.,
a foreign corporation, IFRESH, INC.,
a foreign corporation, NEW SUNSHINE
GROUP, LLC, a Florida corporation,

    Defendants.
_____/

## HARTFORD FIRE INSURANCE COMPANY'S
## INITIAL DISCLOSURES PURSUANT TO FRCP 26(a)(1)

In accordance with *Federal Rule of Civil Procedure* 26(a)(1), and the *Scheduling Order* dated February 7, 2019 **[DE 28]**, Plaintiff, HARTFORD FIRE INSURANCE COMPANY ("HARTFORD"), hereby serves the following initial disclosures upon the Defendants, NEW YORK MART GROUP, INC., IFRESH, INC. and NEW SUNSHINE GROUP, LLC (collectively, the "INDEMNITORS"):

(A)     The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

    1. **Rick L Levesque**
       **Hartford Fire Insurance Company**
       **c/o Etcheverry Harrison, LLP**
       **150 South Pine Island Road, Suite 105**
       **Fort Lauderdale, Florida 33334**

The witness' testimony may include, but not necessarily be limited to, the subjects of: (a) the terms and conditions of the *Supersedeas Bonds* issued by Hartford; (b) the claims asserted under the *Supersedeas Bonds*; (c) the investigation and resolution of the claims asserted under the *Supersedeas Bonds*; (d) the terms and conditions of the *Indemnity Agreement*; (e) HARTFORD's losses under the *Indemnity Agreement*; (f) the INDEMNITORS' liability to HARTFORD under the *Indemnity Agreement*; and (g) the amounts due HARTFORD from the INDEMNITORS.

    2. **Corporate Representative(s) of NEW YORK MART GROUP, INC**
       **2-39 54th Avenue**
       **Long Island City, NY 11101-5922**

The witness' testimony may include, but not necessarily be limited to, the subjects of: (a) the terms and conditions of the *Supersedeas Bonds* issued by Hartford; (b) the claims asserted under the *Supersedeas Bonds*; (c) the investigation and resolution of the claims asserted under the *Supersedeas Bonds*; (d) the terms and conditions of the *Indemnity Agreement*; (e) HARTFORD's losses under the *Indemnity Agreement*; (f) the INDEMNITORS' liability to HARTFORD under the *Indemnity Agreement*; and (g) the amounts due HARTFORD from the INDEMNITORS.

    3. **Long Deng, President**
       **NEW YORK MART GROUP, INC**
       **2-39 54th Avenue**
       **Long Island City, NY 11101-5922**

The witness' testimony may include, but not necessarily be limited to, the subjects of: (a) the terms and conditions of the *Supersedeas Bonds* issued by Hartford; (b) the claims asserted under the *Supersedeas Bonds*; (c) the investigation and resolution of the claims asserted under the *Supersedeas Bonds*; (d) the terms and conditions of the *Indemnity Agreement*; (e) HARTFORD's losses under the *Indemnity Agreement*; (f) the INDEMNITORS' liability to HARTFORD under the *Indemnity Agreement*; and (g) the amounts due HARTFORD from the INDEMNITORS.

    4. **Corporate Representative(s) of IFRESH, INC.**
       **2-39 54th Avenue**
       **Long Island City, NY 11101-5922**

The witness' testimony may include, but not necessarily be limited to, the subjects of: (a) the terms and conditions of the *Supersedeas Bonds* issued by Hartford; (b) the claims asserted under the *Supersedeas Bonds*; (c) the investigation and resolution of the claims asserted under the *Supersedeas Bonds*; (d) the terms and conditions of the *Indemnity Agreement*; (e) HARTFORD's losses under the *Indemnity Agreement*; (f) the INDEMNITORS' liability to HARTFORD under the *Indemnity Agreement*; and (g) the amounts due HARTFORD from the INDEMNITORS.

    5. **Long Deng, CEO**
       **IFRESH, INC.**
       **2-39 54th Avenue**
       **Long Island City, NY 11101-5922**

The witness' testimony may include, but not necessarily be limited to, the subjects of: (a) the terms and conditions of the *Supersedeas Bonds* issued by Hartford; (b) the claims asserted under the *Supersedeas Bonds*; (c) the investigation and resolution of the claims asserted under the *Supersedeas Bonds*; (d) the terms and conditions of the *Indemnity Agreement*; (e) HARTFORD's losses under the *Indemnity Agreement*; (f) the INDEMNITORS' liability to HARTFORD under the *Indemnity Agreement*; and (g) the amounts due HARTFORD from the INDEMNITORS.

CASE NO.: 4:18-cv-10276-KMM

    **6. Baya Harrison, Esq., General Counsel**
       **IFRESH INC.**
       **2-39 54th Avenue**
       **Long Island City, NY 11101-5922**

The witness' testimony may include, but not necessarily be limited to, the subjects of: (a) the terms and conditions of the *Supersedeas Bonds* issued by Hartford; (b) the claims asserted under the *Supersedeas Bonds*; (c) the investigation and resolution of the claims asserted under the *Supersedeas Bonds*; (d) the terms and conditions of the *Indemnity Agreement*; (e) HARTFORD's losses under the *Indemnity Agreement*; (f) the INDEMNITORS' liability to HARTFORD under the *Indemnity Agreement*; and (g) the amounts due HARTFORD from the INDEMNITORS.

    **7. Corporate Representative(s) of NEW SUNSHINE GROUP, LLC**
       **2113 Overseas Highway**
       **Marathon, FL 33050**

The witness' testimony may include, but not necessarily be limited to, the subjects of: (a) the terms and conditions of the *Supersedeas Bonds* issued by Hartford; (b) the claims asserted under the *Supersedeas Bonds*; (c) the investigation and resolution of the claims asserted under the *Supersedeas Bonds*; (d) the terms and conditions of the *Indemnity Agreement*; (e) HARTFORD's losses under the *Indemnity Agreement*; (f) the INDEMNITORS' liability to HARTFORD under the *Indemnity Agreement*; and (g) the amounts due HARTFORD from the INDEMNITORS.

    **8. Bu Hui Ren, Managing Member**
       **NEW SUNSHINE GROUP, LLC**
       **2113 Overseas Highway**
       **Marathon, FL 33050**

The witness' testimony may include, but not necessarily be limited to, the subjects of: (a) the terms and conditions of the *Supersedeas Bonds* issued by Hartford; (b) the claims asserted under the *Supersedeas Bonds*; (c) the investigation and resolution of the claims asserted under the *Supersedeas Bonds*; (d) the terms and conditions of the *Indemnity Agreement*; (e) HARTFORD's losses under the *Indemnity Agreement*; (f) the INDEMNITORS' liability to HARTFORD under the *Indemnity Agreement*; and (g) the amounts due HARTFORD from the INDEMNITORS.

    **9. John Y. Benford, Esq.**
       **Wilson Elser Moskowitz Edelman & Dicker LLP**
       **111 North Orange Avenue, Suite 1200**
       **Orlando, FL 32801**

The witness' testimony may include, but not necessarily be limited to, the subjects of: (a) the terms and conditions of the *Supersedeas Bonds* issued by Hartford; (b) the claims asserted under the *Supersedeas Bonds*; and (c) the investigation and resolution of the claims asserted under the *Supersedeas Bonds*.

    **10. Amanda R. Kison, Esq.**
        **Bentley and Bruning, P.A.**
        **783 South Orange Avenue, Suite 300**
        **Sarasota, FL 34236**

The witness' testimony may include, but not necessarily be limited to, the subjects of: (a) the terms and conditions of the *Supersedeas Bonds* issued by Hartford; (b) the claims asserted under the *Supersedeas Bonds*; (d) the investigation and resolution of the claims asserted under the *Supersedeas Bonds*

    **11. Nicholas A. Shannin, B.C.S**
        **Shannin Law Firm, P.A.**
        **214 South Lucerne Circle East, Suite 200**
        **Orlando, FL 32801**

The witness' testimony may include, but not necessarily be limited to, the subjects of: (a) the terms and conditions of the *Supersedeas Bonds* issued by Hartford; (b) the claims asserted under the *Supersedeas Bonds*; (c) the investigation and resolution of the claims asserted under the *Supersedeas Bonds*; (d) the terms and conditions of the *Indemnity Agreement*; (e) HARTFORD's losses under the *Indemnity Agreement*; (f) the INDEMNITORS' liability to HARTFORD under the *Indemnity Agreement*; and (g) the amounts due HARTFORD from the INDEMNITORS.

    **(B)**     **A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;**

HARFORD states that documents, data compilations and tangible things which may be utilized by HARFORD in support of its prosecution are maintained by HARFORD and HARFORD's counsel, and consist of various correspondence between HARFORD, the claimant(s) and the INDEMNITORS, various contract documents, and various claims documents under the *Supersedeas Bonds*, including but not limited to the subjects of: (a) the terms and conditions of the *Supersedeas Bonds* issued by Hartford; (b) the claims asserted under the *Supersedeas Bonds*; (c) the investigation and resolution of the claims asserted under the *Supersedeas Bonds*; (d) the terms and conditions of the *Indemnity Agreement*; (e) HARTFORD's losses under the *Indemnity Agreement*; (f) the INDEMNITORS' liability to HARTFORD under the *Indemnity Agreement*; and (g) the amounts due HARTFORD from the INDEMNITORS.

CASE NO.: 4:18-cv-10276-KMM

**(C)** **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and**

HARTFORD alleges entitlement to damages from the INDEMNITORS in the amount of:

a. The combined penal sum of the *Supersedeas Bonds* in the amount of Four Hundred Sixty-Nine Thousand One Hundred Sixty-Five and 25/100 Dollars ($469,165.25);

b. HARTFORD's loss adjustment expenses associated with the investigation, handing and resolution of the claim(s) against the *Supersedeas Bonds*; and

c. HARTFORD's loss adjustment expenses associated with the prosecution of the instant action.

**(D)** **For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

HARTFORD states that it knows of no such relevant documents.

          **ETCHEVERRY HARRISON LLP**
          Attorneys for HARTFORD
          150 South Pine Island Road, Suite 105
          Ft. Lauderdale, FL 33324
          Phone: (954) 370-1681
          Fax: (954) 370-1682
          etcheverry@etchlaw.com
          geller@etchlaw.com
          service@etchlaw.com

By:   */s/ Jeffrey S. Geller*
       Edward Etcheverry, Fla. Bar No.: 856517
       Jeffrey S. Geller, Fla. Bar No.: 63721

CASE NO.: 4:18-cv-10276-KMM

-6-

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 11th day of February 2019, we filed the foregoing with the Clerk of the Court through CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Jeffrey S. Geller*
Jeffrey S. Geller, Esq.