UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:18-cv-10276-KMM

HARTFORD FIRE INSURANCE
COMPANY, a foreign corporation,

    Plaintiff,

v.

NEW YORK MART GROUP, INC.,
a foreign corporation, IFRESH, INC.,
a foreign corporation, NEW SUNSHINE
GROUP, LLC, a Florida corporation,

    Defendants.
_____/

## ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

THIS CAUSE came before the Court upon Plaintiff Hartford Fire Insurance Company's ("Plaintiff") Motion to Strike Defendant iFresh, Inc.'s ("iFresh" or "Defendant") Affirmative Defenses. ("Motion") (ECF No. 32). Defendant filed a response ("Response") (ECF No. 36), and Plaintiff filed a reply ("Reply") (ECF No. 37). The motion is now ripe for review.

**I.     BACKGROUND**

This case arises from a dispute related to breach of a contractual indemnity agreement. ("Indemnity Agreement") (ECF No. 1–5). Plaintiff issued two supersedeas bonds (the "Bonds") in connection with the appeal of a state court litigation by defendants New York Mart Group, Inc. and New Sunshine Group, LLC. ("Compl.") (ECF No. 1) ¶14. Defendant iFresh was not a party to the underlying lawsuit, but was an indemnitor of the Indemnity Agreement. *Id.* ¶¶ 11, 15. Plaintiff filed a five-count Complaint against the Defendants, three of which are against iFresh: specific performance of the Indemnity Agreement, contractual exoneration, and breach of contract. On February 5, 2019, iFresh filed an Answer and Affirmative Defenses, alleging three affirmative

defenses: lack of personal jurisdiction, lack of consideration, and fraud in the inducement. ("Answer") (ECF No 23) at 8–9. Now before the Court is Plaintiff's Motion to Strike iFresh's affirmative defenses.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) authorizes a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). "Although a court has broad discretion when considering a motion to strike, striking a defense from a pleading is a drastic remedy generally disfavored by courts." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015) (internal citation and quotations omitted). "For that reason, a motion to strike an affirmative defense is typically denied unless the defense (1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." *Id*. Additionally, an affirmative defense may be stricken if it is insufficient as a matter of law. *Morrison v. Exec. Aircraft Refinishing, Inc*., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

## III. DISCUSSION

First, Plaintiff moves to strike Defendant's second affirmative defense, which alleges that Plaintiff's claims are barred due to lack of consideration for Defendant's execution of the Indemnity Agreement because iFresh was not named as a defendant in the underlying state court action from which the Bonds were issued. Answer at 9. In response, Defendant argues that, on the record before the Court, it cannot be conclusively determine that consideration was provided for iFresh's execution of the Indemnity Agreement. In reply, Plaintiff argues that the Court need not look beyond the Indemnity Agreement to hold that this defense fails. Under Florida law, where the indemnity agreement provides that the indemnitor has a beneficial interest in obtaining

issuance of a bond, an indemnitor may not deny the express terms of the indemnity agreement by alleging there was no consideration. *Travelers Cas. & Sur. Co. of Am. v. Design Build Engineers & Contractors, Corp.*, No. 6:14-CV-1636-ORL-31, 2014 WL 7274803, at *6 (M.D. Fla. Dec. 22, 2014) (citing *Kochan v. Am. Fire & Cas. Co.*, 200 So. 2d 213, 215 (Fla. Dist. Ct. App. 1967)). Here, the Indemnity Agreement explicitly states that the Indemnitors "each has a substantial, material and beneficial interest in (a) Hartford Underwriting Bonds; and (b) obtaining Bonds hereunder." Indemnity Agreement ¶ 3. Thus, having signed the Indemnity Agreement, Defendant cannot now deny its express terms by arguing a lack of consideration at the time it signed the Indemnity Agreement. *See Kochan*, 200 So. 2d at 215.

Second, Plaintiff moves to strike Defendant's third affirmative defense, which alleges that Defendant was fraudulently induced to sign the Indemnity Agreement under the promise that "the collection on the Bonds would be sought against only the co-defendants in this Lawsuit" and that Defendant "would not have signed the Indemnity Agreement if it believed that it might become liable for the debt" of its co-defendants New York Mart Group, Inc. and New Sunshine Group, LLC. Answer at 9. Defendant argues that nothing in the Indemnity Agreement expressly contradicts iFresh's fraud defense. In reply, Plaintiff argues that the express terms of the Indemnity Agreement do, in fact, contradict the alleged misrepresentation and, as a result, this defense fails. "A party cannot recover in fraud for alleged oral misrepresentations that are adequately covered or expressly contradicted in a later written contract." *Bank of Am., N.A. v. GREC Homes IX, LLC*, No. 13-21718-CIV, 2014 WL 351962, at *8 (S.D. Fla. Jan. 23, 2014) (citing *Hillcrest Pacific Corp. v. Yamamura*, 727 So. 2d 1053 (Fla. 4th DCA 1999)). The Indemnity Agreement expressly states that "[t]he Indemnitors shall immediately be held liable to Hartford for all Loss" and "Hartford shall not be required to enforce or exhaust its rights or remedies against any one or more

Indemnitors before asserting its rights against any other Indemnitors." Indemnity Agreement ¶¶ 4, 17. The fraudulent misrepresentations alleged by Defendant are therefore expressly contradicted by the language of the Indemnity Agreement and Defendant cannot, as a matter of law, claim fraudulent inducement.

Accordingly, Plaintiff's Motion to Strike is GRANTED. [1]

## IV. CONCLUSION

UPON CONSIDERATION of the Motion, the Response, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 32) is GRANTED and Defendant's Affirmative Defenses are STRICKEN.

DONE AND ORDERED in Chambers at Miami, Florida, this  20th  day of June, 2019.

*[signature]*
K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

c:     All counsel of record

---

[1] Plaintiff also moves to strike Defendant's affirmative defense for lack of personal jurisdiction. Defendant agreed to striking this defense. Resp. at 2. Accordingly, Plaintiff's motion to strike Defendant's affirmative defense for lack of personal jurisdiction is GRANTED.