## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:18-cv-10276-KMM

HARTFORD FIRE INSURANCE
COMPANY, a foreign corporation,

      Plaintiff,

v.

NEW YORK MART GROUP, INC.,
a foreign corporation, IFRESH, INC.,
a foreign corporation, NEW SUNSHINE
GROUP, LLC, a Florida corporation,

      Defendants.

_____/

## ORDER MEMORIALIZING DISCOVERY HEARING

**THIS CAUSE** came before the Court pursuant to Plaintiff's Motion for Sanctions Under

Federal Rule of Civil Procedure 37 Based Upon Defendant iFresh, Inc.'s Failure to Comply with

its Initial Disclosures (the "Motion").  ECF No. [38].  Defendant iFresh ("Defendant") filed its

Response to Plaintiff's Motion, ECF No. [40], and Plaintiff filed its Reply, ECF No. [44].  On June

4, 2019, the Court entered an Order setting Plaintiff's Motion for hearing on June 18, 2019.  ECF

No. [42].  Plaintiff's Motion requests the Court to sanction Defendant by: (1) not allowing it "to

introduce any non-disclosed witnesses or supply any documentary evidence on summary

judgment, or at trial;" (2) imposing any of the sanctions established in "Rule 37(b)(2)(A)(i)-(vi),

[Fed. R. Civ. P.], including but not limited to, the striking of [Defendant's] pleadings and/or entry

of a default judgment against [Defendant];" and (3) awarding Plaintiff's reasonable attorneys' fees

incurred in preparing and prosecuting its Motion.  ECF No. [38] at 8.

On June 18, 2019, the date of the hearing, Defendant's counsel, Daniel DeSouza, failed to appear.  When the Court contacted Mr. DeSouza, he stated that he failed to properly calendar the hearing and requested to appear telephonically.  The Court conducted the hearing with Plaintiff's counsel present in the courtroom and Defendant's counsel present telephonically.

Upon consideration of the arguments of the parties, the relevant portions of the record, and for the reasons stated during the June 18, 2019 hearing,[1] it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion, ECF No. [38], is **GRANTED IN PART AND DENIED IN PART**.  Specifically, the Court denies Plaintiff's request to sanction Defendant by prohibiting it from using any non-disclosed witness, or striking Defendant's pleading and/or entering a default judgment against Defendant.  The Court, however, grants Plaintiff's request for its attorneys' fees and costs incurred in connection with the filing of the instant Motion, and its efforts to seek Defendant's compliance with its discovery obligations.

Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless failure was substantially justified or is harmless."  Here, the Court finds that Defendant's failure to timely file its Initial Disclosures was not substantially justified.  Plaintiff's counsel emailed Defendant's counsel on three separate occasions on May 6, 2019, May 10, 2019, and May 14, 2019, but never received a response.  ECF No. [38] ¶¶ 6–8.  Plaintiff's counsel also called Defendant's counsel and left messages, but Defendant's counsel did not return those calls.

During the June 18, 2019 hearing, Defendant's counsel conceded that he failed to timely file the Initial Disclosures due to an oversight.  Defendant's counsel also acknowledged that he

---

[1] The Court's findings and rulings were made on the record during the June 18, 2019 hearing.  This Order serves only to memorialize those findings and rulings for the docket.

never replied to any of Plaintiff counsel's emails or returned any of his phone calls.  Defendant's failure to timely file its Initial Disclosures is not substantially justified.

Although Defendant's Initial Disclosures were eventually filed late, and only after Plaintiff filed its Motion for Sanctions, the tardy responses are harmless.  Plaintiff argued that Defendant's late disclosure caused it to seek an extension of the discovery deadline in order to schedule the depositions of two newly disclosed witnesses.  The District Court, however, extended the discovery deadline until July 29, 2019.  ECF No. [43].  Now that Plaintiff has received additional time to depose the newly disclosed witnesses, any harm caused by Defendant's untimely Initial Disclosures has been remedied.  Therefore, it is not appropriate to sanction Defendant by excluding any of the witnesses or imposing any of the other suggested sanctions.

Nevertheless, the Court finds that pursuant to Rule 37(a)(5)(A), Plaintiff should be awarded its attorneys' fees and costs in connection with the untimely discovery.  Specifically, Plaintiff's counsel filed an affidavit, which included his billing records, in support of Plaintiff's request for $5,304.00 in attorneys' fees incurred as a result of Defendant's failure to timely serve its Initial Disclosures.  Plaintiff seeks compensation for a combined 22.3 hours at an hourly rate ranging from $225.00 to $240.00.  Defense counsel stated during the June 18, 2019 hearing that he did not object to the hourly rates.  Plaintiff's counsel argued that the amount of time Plaintiff's counsel spent seeking compliance with the Initial Disclosures was reasonable.  Defense counsel argued that the number of hours appeared high, however, he failed to articulate any specific objections to Plaintiff counsel's billing records.

Accordingly, the Court finds that Plaintiff counsel's hourly rates and time expended are reasonable.  Defendant shall pay Plaintiff, within thirty days, $5,304.00 in attorneys' fees incurred as a result of Defendant's failure to timely serve its Initial Disclosures.

**DONE AND ORDERED** in chambers at Miami, Florida on June 21, 2019.

_____
JACQUELINE BECERRA
United States Magistrate Judge