UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:18-cv-10276-KMM

HARTFORD FIRE INSURANCE COMPANY,

    Plaintiff,

v.

NEW YORK MART GROUP, INC., IFRESH, INC.,
and NEW SUNSHINE GROUP, LLC,

    Defendants.
_____/

## OMNIBUS ORDER

THIS CAUSE came before the Court upon Plaintiff Hartford Fire Insurance Company's ("Hartford") Motions for Summary Judgment ("Summ. J. Mot.") (ECF No. 46) and Entry of Consent Final Judgment ("Consent J. Mot.") (ECF No. 65) against Defendant iFresh, Inc. ("iFresh"), and Renewed Entry of Default Judgment ("Default J. Mot.") (ECF No. 66) against Defendants New York Mart Group, Inc. ("NYMG") and New Sunshine Group, LLC ("NSG"). iFresh, the only Defendant to appear in this case, responded to the Summary Judgment Motion, stating that it does not oppose the entry of judgment in Hartford's favor, and Hartford replied, urging the Court to timely enter judgment. (ECF Nos. 56, 57). All motions are ripe for review.

### I.    BACKGROUND[1]

Pursuant to an executed Indemnity Agreement ("Agreement") (ECF No. 48–4) among Hartford and Defendants iFresh, NYMG, and MSG (collectively, the "Defendants"), Hartford

---

[1] Because iFresh does not dispute Hartford's statement of undisputed facts, the Court deems the facts set forth herein admitted as they are supported by evidence in the record. *See Crespo v. Midland Credit Mgmt., Inc.*, 689 F. App'x 944, 945 (11th Cir. 2017).

issued to Defendants two supersedeas bonds (the "Bonds") in connection with the appeal of a state court judgment in an unrelated case.  Statement of Undisputed Material Facts ("SUMF") (ECF No. 47) ¶ 5.  Article 4 of the Agreement required Defendants to, *inter alia*, "immediately indemnify, hold harmless, and exonerate Hartford from and against any and all losses and/or expenses incurred in connection with Hartford's issuance of the Bonds."  *Id.* ¶ 6; Agreement at 3.  Article 11 of the Agreement required Defendants to jointly and severally "collateralize Hartford immediately upon demand to secure the surety against any potential losses and/or expenses incurred in connection with Hartford's issuance of the Bonds."  Agreement at 4.  After the state appellate court affirmed the state court judgment, Hartford issued several verbal and written demands upon Defendants for the immediate satisfaction of the funds owed to Hartford, which Defendants did not provide.  SUMF ¶¶ 16–18.  On January 29, 2019, Hartford paid $424,772.07 to the judgment creditor in the state court action as a result of Hartford's issuance of the Bonds.  *Id.* ¶ 19.  Defendants have not paid back any of Hartford's losses.  *Id.*  Based on the foregoing, Hartford moves for summary judgment and entry of consent judgment against iFresh–which iFresh does not oppose–on Hartford's breach of contract claim, and for default judgment against NYMG and NSG as to the same claim.[2]  *See generally* Summ. J. Mot; Consent J. Mot; Default J. Mot.

---

[2] Although Hartford's Amended Complaint (ECF No. 9) alleges five counts against Defendants–Specific Performance/Injunctive Relief (Count I), Contractual Exoneration (Count II), Common Law Exoneration (Count III), Breach of Contract (Count IV), and Common Law Indemnification (Count V)–Hartford states that judgment as to the Breach of Contract claim (Count IV) "render[s] moot all other Counts stated in the Amended Complaint."  Consent J. Mot. at 2.  The Court agrees that Counts I, III, IV, and V are all derivative of Count IV, the Breach of Contract claim.  The Court thus construes Plaintiff's statement as a request to voluntarily dismiss Counts I, II, III and V without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and proceed to adjudicate Count IV only.  Because Defendants will not "suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit," by the dismissal of these Counts, Counts I, II, III, and V of the Amended Complaint are hereby DISMISSED WITHOUT PREJUDICE.  *See Friskney v. Am. Park & Play, Inc.*, Case No. 04-80457-CIV-RYSKAMP/VITUNAC, 2006 WL 8433782, at *1 (S.D. Fla. Mar. 29, 2006).

## II.     LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed R. Civ. P. 56. A genuine issue of material fact exists when "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc*., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc*., 284 F.3d 1237, 1243 (11th Cir. 2002); *see also* Fed. R. Civ. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc*., 975 F.2d 1518, 1534 (11th Cir. 1992). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.    DISCUSSION

### A.    Motion for Summary Judgment

Plaintiff contends that the undisputed facts establish breach of contract. *See generally* Summ. J. Mot. To establish breach of contract under Florida law, a plaintiff must demonstrate "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting

3

from the breach." *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 985 So.2d 56, 58 (Fla. 4th Ct. App. 2008)). "To prove the existence of a contract [a plaintiff must establish] (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *See id.* (citing *St. Joe Corp. v. McIver*, 875 So.2d 375, 381 (Fla. 2004)). Here, the undisputed facts establish breach of contract: all three Defendants executed an agreement promising to "immediately" indemnify Hartford from any losses incurred in connection with Hartford's issuance of the Bonds. SUMF ¶¶ 5–6, 8. Hartford suffered losses from rendering payment to the state court judgment creditor without any Defendant ever reimbursing Hartford, even after Hartford made repeated demands for reimbursement, indemnification, and collateralization pursuant to Articles 4 and 11 of the Agreement. *Id.* ¶¶ 13–14; 16–17; 19–20. Hartford has thus provided sufficient evidence to establish (1) the existence of a contract, (2) Defendants' material breach of that contract, and (3) damages resulting from the breach. *See Vega*, 564 F.3d at 1272.

Plaintiff also moves for reasonable attorney's fees and costs pursuant to Articles 1(g) and 4 of the Agreement. Summ J. Mot. at 11–13. "Florida courts have explained that 'if an agreement for one party to pay another party's attorney's fees is to be enforced it must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable.'" *Int'l Fidelity Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1336 (11th Cir. 2018) (internal citation omitted). Here, Article 4 states that Defendants are "immediately liable to Hartford for all Loss from the date such Loss was incurred by Hartford." Agreement at 3. Article 1(g) defines Loss as "all payments made or obligations incurred by Hartford: . . . (iv) in enforcing this Agreement[]. Loss shall include . . . attorney fees" and court costs. *Id.* at 2. The Agreement thus unambiguously states that Hartford is entitled to attorney's fees and costs incurred in enforcing the

4

Agreement. As to the amount of attorney's fees and costs requested, pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, Hartford's request for attorney's fees and costs is hereby referred to United States Magistrate Judge Jacqueline Becerra to issue a report and recommendation.

Accordingly, Hartford's Motion for Summary Judgment as to Count IV is GRANTED IN PART. Hartford is entitled to indemnity in its favor against iFresh, jointly and severally with NYMG and NSG, in the amount of $424,772.07, plus $33,725.74 for interest due since January 29, 2019, for a total of $458,497.81, for which sum let execution issue. Further, Hartford's request for attorney's fees and costs is referred to Magistrate Judge Becerra to issue a report and recommendation.

      B.     <u>Renewed Motion for Entry of Default Judgment</u>

Hartford moves for default judgment as to Count IV against NYMG and NSG following the Clerk of Court's entry of default against both, submitting the same evidence described above in support of the motion. *See generally* Default J. Mot.; Clerk's Entry of Default (ECF No. 16). For the reasons stated above, Hartford has established NYMG and NSG's material breach of the Agreement and damages resulting therefrom. *See Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (entry of default judgment warranted "when there is a sufficient basis in the pleadings for the judgment entered, with the standard for a sufficient basis being akin to that necessary to survive a motion to dismiss"); *Vega*, 564 F.3d at 1272. Moreover, iFresh, as the purported parent company of NYMG, does not object to the entry of a default judgment in Hartford's favor. Consent J. Mot. at 4. Accordingly, Hartford's Motion for Default Judgment is GRANTED IN PART. Hartford is entitled to indemnity in its favor against NYMG and NSG, jointly and severally with iFresh, in the amount of $424,772.07, plus $33,725.74 for interest due since January 29, 2019,

for a total of $458,497.81, for which sum let execution issue. As stated above, Hartford's request for attorney's fees and costs is referred to Magistrate Judge Becerra to issue a report and recommendation.

      C.      <u>Renewed Motion for Entry of Consent Judgment</u>

Hartford's Renewed Motion for Entry of Consent Judgment as to iFresh is GRANTED IN PART. As stated above, Hartford is entitled to indemnity in its favor against iFresh, jointly and severally with NYMG and NSG, in the amount of $424,772.07, plus $33,725.74 for interest due since January 29, 2019, for a total of $458,497.81, for which sum let execution issue. Hartford's request for attorney's fees and costs is referred to Magistrate Judge Becerra to issue a report and recommendation.

      D.      <u>Motion for Sanctions</u>

Finally, Hartford moves for sanctions against iFresh for its purported failure to comply with Fed R. Civ. P. 30(a). *See* Mot. for Sanctions at 7. Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, Hartford's Motion for Sanctions is hereby referred to United States Magistrate Judge Jacqueline Becerra to issue a report and recommendation.

**IV.   CONCLUSION**

UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

    1)    Hartford's Motion for Summary Judgment (ECF No. 46) is GRANTED IN PART, as set forth above;

    2)    Hartford's Renewed Motion for Entry of Consent Final Judgment (ECF No. 65) is GRANTED IN PART, as set forth above;

3) Hartford's Renewed Motion for Entry of Default Judgment (ECF No. 66) is GRANTED IN PART, as set forth above;

4) Hartford's Motion for Sanctions (ECF No. 67) is hereby REFERRED to Magistrate Judge Becerra to issue a report and recommendation;

5) The Court retains jurisdiction over this case for the purpose of entering any further orders as may be necessary to enforce the instant Order, including Plaintiff's execution activities; and

6) The Clerk of Court is instructed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of July, 2019.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

c: All counsel of record