UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:18-cv-10276-KMM

HARTFORD FIRE INSURANCE
COMPANY,

    Plaintiff,
v.

NEW YORK MART GROUP, INC.,
*et al.*,

    Defendants.
                                  /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Judgment Creditor Hartford Fire Insurance Company's ("Plaintiff") Motion to Reissue Stock Certificates of NYM Holding, Inc. and Deliver Same for Levy. ("Mot.") (ECF No. 97). The Court referred the matter to the Honorable Jacqueline Becerra, United States Magistrate Judge, to issue a report and recommendation. (ECF No. 98). Judgment Debtor iFresh, Inc. ("iFresh") filed a Memorandum in Opposition. ("Mem. in Opp'n) (ECF No. 99). Magistrate Judge Becerra issued a Report and Recommendation ("R&R") recommending that Plaintiff's Motion be GRANTED. (ECF No. 101). No objections were filed and the time to do so has passed. The matter is now ripe for review.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

On July 29, 2019, the Court entered an Omnibus Order in favor of Plaintiff and against New York Mart Group, Inc., iFresh, and New Sunshine Group, LLC, jointly and severally, in the amount of $458,497.81. (ECF No. 68). On February 28, 2020, the Court entered an Order granting Plaintiff attorneys' fees and costs totaling $38,799.80. (ECF No. 96). Now, Plaintiff seeks an

order requiring iFresh to (1) cancel its existing stock certificates in NYM Holding, Inc. ("NYM"), iFresh's direct subsidiary; (2) reissue the stock certificates in iFresh's name; and (3) deliver the stock certificates for levy and execution. Mot. at 3. In Opposition, iFresh argues that the Motion should be denied because (1) Plaintiff did not comply with the meet-and-confer requirements of Local Rule 7.1(a)(3); (2) Plaintiff has not registered its judgment in New York; (3) Plaintiff misstates Florida law as to whether the Court has jurisdiction to direct iFresh to cancel and reissue the stock certificates; and (4) canceling the existing stock certificates in NYM, reissuing them in iFresh's name, and turning them over to the Court for levy directly affects a secured creditor's interest. Mem. in Opp'n at 1–8.

Magistrate Judge Becerra recommends that the stock certificates be cancelled, reissued, and delivered for levy. R&R at 5, 11. As set forth in the R&R, Magistrate Judge Becerra determined that while Plaintiff failed to comply with Local Rule 7.1(a)(3), Plaintiff "presented a good faith argument as to why they believed, although incorrectly, that their Motion fell under [an] exception to meet and confer" and denying the Motion on this basis is not warranted. *Id.* at 6. Magistrate Judge Becerra determined that Plaintiff is not required to register its judgment in New York because iFresh is subject to this Court's jurisdiction; iFresh does not contest that it has the ability to cancel, reissue, and deliver the stocks; and iFresh has conceded that the stock certificates cannot be located, so there is no basis to now argue that the property is located in New York to allow judgment to be registered there. *Id.* at 6–7. Magistrate Judge Becerra determined that the Court has jurisdiction to order iFresh to reissue stock certificates and deliver them for levy because the Court has *in personam* jurisdiction over iFresh and, because the location of the stock certificates is unknown, *in rem* jurisdiction is not possible for this or any other court and need not be established. *Id.* at 7–10. Finally, Magistrate Judge Becerra determined that the Court may levy

the stock certificates notwithstanding a secured creditor's interest because any disagreement about the priority over distributions can be resolved after the stock certificates are delivered to the Court. *Id.* at 10. This Court agrees.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Becerra's R&R (ECF No. 101) is ADOPTED. It is FURTHER ORDERED that iFresh, Inc., within five (5) business days of the date of this Order, shall (1) cancel all of its stock certificates in NYM Holding, Inc.; (2) reissue the stock certificates in iFresh, Inc.'s name; and (3) deliver the reissued stock certificates to the Court for levy and execution. iFresh, Inc. is hereby ENJOINED from altering its ownership interest in NYM Holding, Inc., including, but not limited to, by issuing more shares or by transferring, conveying, selling, and/or otherwise disposing of its shares in NYM Holding, Inc. without the express written permission of Plaintiff or until otherwise allowed by Court Order. Plaintiff shall coordinate with the United States Marshals Service on the levy and execution of the stock certificates.

DONE AND ORDERED in Chambers at Miami, Florida this 17th day of February, 2021.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record