UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:18-cv-10276-KMM

HARTFORD FIRE INSURANCE
COMPANY, a foreign corporation,
    Plaintiff,

v.

NEW YORK MART GROUP, INC., a foreign
corporation, IFRESH, INC., a foreign
corporation, NEW SUNSHINE GROUP, LLC,
a Florida corporation,
    Defendants,

and

KEYBANK NATIONAL ASSOCIATION,
a national banking association,
    Plaintiff-Intervenor.
_____/

## REPORT AND RECOMMENDATION ON REQUEST TO VACATE COURT'S ORDER, MOTION TO REISSUE STOCK, AND DISMISSAL OF INTERVENOR'S COMPLAINT

On January 21, 2021, the undersigned issued a Report and Recommendation, recommending that Plaintiff Hartford Fire Insurance Company's ("Hartford" or "Plaintiff") Motion to Reissue Stock Certificates of NYM Holding, Inc. ("NYM") and Deliver Same for Levy, ECF No. [97], be GRANTED. ECF No. [101]. In its Motion, Plaintiff Hartford requested that because discovery had revealed that the the stock certificates of NYM were lost, the Court should order Defendant iFresh Inc. ("iFresh") to cancel its existing stock certificates in NYM, reissue the stock certificates in iFresh's name and deliver the same stock certificates for levy and execution. ECF No. [97]. Defendant iFresh countered that Plaintiff Hartford should instead have registered a judgment in New York, where Defendant iFresh is located and where it has its principal place of

1

business. It did not dispute that the stock certificates were lost[1] but noted that KeyBank National Association's ("KeyBank") had a security interest in the stock certificates at issue. ECF No. [99].

The Report and Recommendation granting Plaintiff Hartford's Motion relied on Defendant iFresh's representation that the stock certificates could not be located. ECF No. [101] at 6–10. Because the certificates could not be located, the undersigned concluded that the Court had jurisdiction to order Defendants to reissue the stocks and tender them to the Court for levy in satisfaction of the judgment. *Id.* at 10. As to KeyBank's interest, the undersigned was not persuaded that Defendants' representations were sufficient to deny Plaintiff's request to have the certificates reissued and left the issue of priority of interest for a later time. No objection to the Report and Recommendation was filed. The Court adopted the Report and Recommendation on February 17, 2021, and ordered that Defendant "iFresh, Inc., within five (5) business days of the date of this Order" (1) cancel all of its stock certificates in NYM Holding, Inc.; (2) reissue the stock certificates in iFresh, Inc.'s name; and (3) deliver the reissued stock certificates to the Court for levy and execution." ECF No. [102] at 3.

Two days later, on February 19, 2021, Defendant iFresh filed a Motion for Extension of Time, arguing that Defendants' counsel had reached out (apparently for the first time) to KeyBank regarding the instant matter. ECF No. [103]. Defendants' counsel stated that Keybank "intended to intervene in this case and file an emergency motion to protect KeyBank's rights with respect to the Order . . . ." *Id.* ¶¶ 3–6. Keybank's counsel also informed counsel for Defendants that the

---

[1] Specifically, iFresh represented that "Defendant has not been able to locate any stock certificates in its offices or otherwise in Defendant's possession, custody, or control (such as in the possession of a third-party agent, accountant, or attorney), and Defendant therefore believes (but cannot confirm) that no such stock certificates were ever provided at the time of acquisition or thereafter." ECF No. [97-7] at 1–2.

original NYM stock certificates were in fact being held by Keybank. *Id.* ¶ 5. On February 22, 2021, the undersigned denied the Motion for Extension of Time.[2] ECF No. [106].

On February 22, 2021, Keybank filed its Motion to Intervene and to Consolidate ("Motion to Intervene") ECF No. [107]. Exhibit A to the Motion to Intervene was a proposed Intervenor Complaint by Keybank and Cross-Claim against Plaintiff Hartford. ECF No. [107-1]. The next day, Keybank filed an Expedited Motion for Rehearing, or in the Alternative, for Order to Maintain the Status Quo and Memorandum of Law. ECF No. [109]. On February 23, 2021, the undersigned granted an expedited hearing. ECF Nos. [112], [114].

At the hearing, the undersigned granted the Motion to Intervene, and the Intervenor's Complaint and Cross-Claim against Plaintiff Hartford was filed. ECF No. [114]. In addition, the undersigned set the following schedule:

> Plaintiff Hartford has twenty-one (21) days to respond to the Intervenor's Complaint and the Motion for Rehearing, ECF No. 109. If additional discovery or time is needed, Plaintiff Hartford should file a motion with the Court. iFresh and Key Bank have seven days to file a Reply. Moreover, given that the stock certificates appear to be in Ohio, the parties should confer and advise the Court if further briefing is necessary. Finally, Plaintiff Hartford also has thirty (30) days upon resolution of the Motion for Rehearing to file any motion for sanctions or other relief against iFresh for what appears to be their failure to prepare their Rule 30(b)(6) witness, failure to exercise due diligence in responding to the discovery on this issue, failure to ascertain the location of the stock certificates, and failure to advise KeyBank of Hartford's Motion, Hartford's Reply, or the undersigned's Report and Recommendation.

*Id.*

In accordance with the above schedule, Plaintiff Hartford filed its Response to the Intervenor's Complaint and the Motion for Rehearing. ECF No. [115]. Therein, Plaintiff Hartford

---

[2] The District Court Judge referred the Motion for Extension of time, ECF No. [103], to the undersigned "to take all necessary and proper action as required by law . . ." regarding this motion. ECF No. [104].

stated that it "[did] not wish to enter into a legal dispute with Keybank" and that Plaintiff "[did] not object to the Court vacating its Order," ECF No. [102]. *Id.* at 2. Plaintiff Hartford noted that it was its understanding that if the Court vacated its Order, Keybank would agree to withdraw its Intervenor Cross-Claim against Plaintiff Hartford, ECF No. [107-1]. *Id.* On March 22, 2021, Keybank filed a Reply in Support of its Expedited Motion for Rehearing stating that upon the District Court vacating its Order, ECF No. [102], it would "file a Notice of Voluntary (Without Prejudice) Dismissal of its Intervenor Complaint against Hartford." ECF No. [117] at 2.

      The undersigned, being fully advised in the premises and upon review of the record, **RECOMMENDS** that the District Court vacate its Order, ECF No. [102]. The stocks at issue have been located; they are not lost. The fact that they have been located is significant because the jurisdiction of the Court to enter such order, as discussed in the undersigned's Report and Recommendation, was predicated on the fact that the certificates were lost. Indeed, under Florida law a court must have *in rem* jurisdiction over the property at issue. *Inversiones Y Procesadora Tropical Inprotsa, S.A. v. Del Monte Int'l GMBH*, No. 16-24275-CV, 2020 WL 6384878, at *3–4 (S.D. Fla. Aug. 5, 2020), *report and recommendation adopted*, No. 16-24275-CIV, 2020 WL 6384299 (S.D. Fla. Oct. 30, 2020) (finding that even though the court had *in personam* jurisdiction over the judgment debtor, the property had been conferred to another party and the proper forum was where the property was located); *Sargeant v. Al-Saleh*, 137 So. 3d 432, 435 (Fla. 4th DCA 2014) (overruling trial court's order that debtors were to turn over stock certificates located in Bahamas, the Netherlands, Jordan, the Isle of Man, and the Dominican Republic because the trial court did not have *in rem* or *quasi in rem* jurisdiction over foreign property). Here, the stocks are no longer "lost," they are in Ohio and not subject to the Court's jurisdiction. Moreover, Plaintiff Hartford in whose favor the Order was entered, does not object to the Court vacating the Order,

4

ECF No. [102]. Given the above, the undersigned **RECOMMENDS** that the Court's Order adopting the undersigned's Report and Recommendation and ordering that Defendant iFresh cancel, reissue and deliver the stock certificates to the Court for levy and execution, ECF No. [102], be **VACATED**.

If the Court vacates its Order, the Motion to Reissue Stock Certificates of NYM Holding, Inc. and Deliver Same for Levy, ECF No. [97], should thereafter be **DENIED AS MOOT**.

Finally, given Keybank's representations, the undersigned **RECOMMENDS** that the Intervenor Complaint against Plaintiff Hartford, ECF No. [107-1], be **DISMISSED WITHOUT PREJUDICE**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 8th day of April, 2021.

_____
JACQUELINE BECERRA
United States Magistrate Judge